IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '12 - CV - 00017

BRIAN DEMAESTRI,
Plaintiff,

-v-

PINNACLE CREDIT SERVICES, LLC.,
Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 4 2012

GREGORY C. LANGHAM
CLERK

### VERIFIED COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

Plaintiff, Brian DeMaestri, hereby sues Defendant, PINNACLE CREDIT SERVICES, LLC., and alleges:

#### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.* and violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*

#### PARTIES

2. Plaintiff, Brian DeMaestri, is a natural person and is a resident of the State of Colorado presently residing at 9901 E. Evans Ave. #23D Denver, CO 80247

3. Defendant, PINNACLE CREDIT SERVICES, LLC. is a Minnesota Corporation with offices located at 7900 Highway 7, Suite 350 Minneapolis, MN 55246.

#### JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

5. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

6. This is an action for damages which do not exceed $5,000.00.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

8. Plaintiff obtained his consumer reports from the three major credit reporting agencies and found entries by entities he was unfamiliar with in the reports.

9. Plaintiff determined that his consumer reports had been obtained on various occasions by various entities he did not recognize and without his consent.

10. Plaintiff found after examination of his Experian consumer report that on July 1, 2010, PINNACLE CREDIT SERVICES, LLC. initiated a pull of Plaintiff's consumer report from Experian.

11. The FCRA, 15 U.S.C § 1681b defines the permissible purposes for which a person may obtain a consumer report.

12. Such permissible purposes as defined by 15 U.S.C § 1681b are generally, for the review or collection of an "account", if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona-fide offer of credit as a result of the inquiry.

13. The FCRA, 15 U.S.C. § 1681a(r)(4) defines what the term "account" means as follows:

There terms "account" and "electronic fund transfer" have the same meanings as in section 903 of the Electronic Fund Transfer Act.

14. Section 903 Definitions of the Electronic Fund Transfer Act, defines the term "account" as follows:

the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

15. Defendant obtained Plaintiff's consumer report in attempt to collect an alleged debt.

16. Plaintiff has never had any business dealings, debts or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona-fide offer of credit from Defendant PINNACLE CREDIT SERVICES, LLC.

17. At no time did Plaintiff give his consent for Defendant PINNACLE CREDIT SERVICES, LLC. to obtain his consumer report from any credit reporting agency.

18. On July 1, 2010, PINNACLE CREDIT SERVICES, LLC. initiated a pull of Plaintiff's consumer report from Experian with no permissible purpose in violation of 15 U.S.C § 1681b.

**COUNT I**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681**
**WILLFUL NON-COMPLIANCE BY DEFENDANT PINNACLE CREDIT SERVICES, LLC.**

19. Paragraphs 1 through 18 are realleged as though fully set forth herein.

20. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

21. PINNACLE CREDIT SERVICES, LLC. is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

22. PINNACLE CREDIT SERVICES, LLC. willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) PINNACLE CREDIT SERVICES, LLC. willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against PINNACLE CREDIT SERVICES, LLC. for statutory damages of $1000 and attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT PINNACLE CREDIT SERVICES, LLC.

23. Paragraphs 1 through 18 are realleged as though fully set forth herein..

24. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

25. PINNACLE CREDIT SERVICES, LLC. is a debt collector within the meaning of the FDCPA 15 U.S.C. §1692a(6).

26. PINNACLE CREDIT SERVICES, LLC. violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) PINNACLE CREDIT SERVICES, LLC. violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(b) PINNACLE CREDIT SERVICES, LLC. violated 15 U.S.C. §1692f(1) by the use of unfair or unconscionable means to collect or attempt to collect any debt.

WHEREFORE, Plaintiff demands judgment for damages against PINNACLE CREDIT SERVICES, LLC. for statutory damages in the amount of $1000 and attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

a. Statutory damages in the amount of $2,000.
b. All costs of court, filing fees, document preparation fees and the like.
c. Any further relief which the court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 4, 2012

Respectfully submitted,

Brian DeMaestri, Pro Se
9901 E. Evans Ave. #23D
Denver, CO 80247

## VERIFICATION

The undersigned, for himself declares:

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 1/4/12

:Brian-Daniel; DeMaestri:

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
## FACSIMILE COVER SHEET

1. Date of Transmission:

   1/4/12

2. Name of *pro se* party making the transmission:

   BRIAN DEMAESTRI,

   Facsimile number: 720-535-6656 (call first)   Telephone number: 720-535-6656

3. Case number, caption and title of pleading or paper:

   BRIAN DEMAESTRI v. PINNACLE CREDIT SERVICES, LLC., VERIFIED COMPLAINT, AND AFFIDAVIT FOR LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

4. Number of pages being transmitted, including facsimile cover sheet: 11

   Instructions: Filing Complaint